UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON JOHNATHON CHAD DAVIS,

Petitioner,

v.

JULIO HERNANDEZ, *et al.*,

Respondents.

Case No. C26-3548-MLP

ORDER

Petitioner Jason Johnathon Chad Davis filed, through counsel, a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging an immigration judge's ("IJ") July 21, 2026[1] denial of bond and his continued detention at the Northwest ICE Processing Center. (Dkt. # 1.) He argues that the IJ abused her discretion in finding him to be a danger to the community and that his continued detention under the Immigration and Nationality Act ("INA"), therefore, violates his due process rights under the Fifth Amendment. (*Id.*) Government Respondents filed a return memorandum (dkt. # 6), along with an unsworn declaration from their counsel, Peter H. Clark (dkt. # 7) ("Clark Decl."), and a sworn declaration from U.S. Department of Homeland

[1] Petitioner alleges the bond hearing occurred on August 3, 2026 (dkt. # 1, at 5) but the record reflects a bond hearing date of July 21, 2026. (Clark Decl, (dkt. # 7) (audio recording of bond hearing).) Petitioner does not dispute the accuracy of the July 21 date in his traverse.

Security ("DHS") Deportation Officer Nhat M. Truong (dkt. # 8) ("Truong Decl."). Petitioner filed a traverse in reply. (Dkt. # 10.)

Having reviewed the parties' submissions and the governing law, the Court DENIES the petition (dkt. # 1) for the reasons set forth below.

## I. BACKGROUND

Petitioner is a native and citizen of Jamaica who entered the Unites States in March 2015 on a non-immigrant B2 visitor's visa for a temporary period that was set to expire in September 2015. (Dkt. # 1, ¶ 19; Truoung Decl., ¶¶ 3-4.) Petitioner has two U.S.-citizen daughters—one of whom has a learning disability—and is actively involved in his daughters' lives. (Dkt. # 1, ¶ 21.) Petitioner worked for many years as a car mechanic and has a sister and mother who reside in New York. (*Id.*, ¶¶ 22, 23.) Petitioner does not dispute that since 2015, he has been arrested more than a dozen times for unlicensed operation of a motor vehicle, as well as other traffic infractions, such as failure to wear seatbelt, signal, change lanes properly, or maintain sufficient distance. (*Id.*, ¶ 24.) According to Petitioner, most of these arrests resulted in fines but some did result in imprisonment or probation. (*Id.*) Petitioner also admits to being arrested in April 2020 on multiple counts of grand larceny in the fourth degree, petit larceny, and disorderly conduct. (*Id.*, ¶ 26.) Petitioner states he pleaded guilty to the disorderly conduct and the remaining charges were dismissed and sealed. (*Id.*) Petitioner also admits to being arrested again on February 9, 2023, for criminal mischief in the fourth degree, harassment in the second degree, assault in the second and third degrees, menacing in the second degree, and criminal possession of a weapon in the fourth degree. (*Id.*, ¶ 27.) These charges were later dismissed and sealed. (*Id.*)

In April 2026, Petitioner was arrested by ICE following the completion of a jail sentence from the Nassau County Jail. (Dkt. # 1, ¶ 28; Truong Decl., ¶ 7.) The same day Enforcement and

Removal Operations ("ERO") issued a Form I-200, Warrant for Arrest of Alien, Form I-826, Notice of Rights and Request for Disposition, and Form I-286, Notice of Custody Determination. (Truong Decl., ¶ 7.) ERO also served Petitioner with a Notice to Appear ("NTA") charging him under the INA § 237(a)(1)(B) for remaining in the United States for a time longer than permitted in violation of the INA or other law. (*Id.*) In April 2026, Petitioner's master hearings at the New York Varick Immigration Court were twice continued so Petitioner could find counsel. (*Id.*, ¶¶ 8-9.) Petitioner again requested a continuance of his master hearing in order to file a relief application. (*Id.*, ¶ 10.) In July 2026, Petitioner filed, through counsel, two requests—Petitioner withdrew his first request and filed a second one just a week later—for a Bond Redetermination Hearing with the New Yark Varick Immigration Court. (*Id.*, ¶¶ 11-12.)

On July 21, 2026, Petitioner and his counsel attending a bond hearing before the Immigration Judge ("IJ"). (Truong Decl., ¶ 13.) For the hearing, Petitioner's counsel submitted several letters of support from friends, family, and his former partner. (Dkt. # 1, ¶ 30.) He also submitted his U.S. citizen daughters' birth certificates, proof of his lawful entry to the United States, and his filed application for relief, which included a summary of his criminal history. (*Id.*) The IJ denied bond at the hearing, finding Petitioner did not meet his burden of showing he was not a danger to the community. (Dkt. # 1, ¶ 31; Truong Decl., ¶ 13 (hearing date July 21, 2026); Clark Decl., Ex. 1 (audio from bond hearing on July 21, 2026).) On August 19, 2026, Petitioner filed an appeal on bond denial with the Board of Immigration Appeals ("BIA"). (Truong Decl., ¶ 13.) On August 27, 2026, the IJ issued a written order with her explanation for the bond determination. (Clark Decl., Ex. 3.) The bond denial appeal remains pending. (Dkt. # 1, ¶ 34; Truong Decl., ¶ 13.)

In removal proceedings, Petitioner applied for cancellation of removal, as well as asylum, withholding of removal, and protection under the Convention Against Torture. (Dkt. # 1, ¶ 29.) On August 5, 2026, an IJ denied the applications and ordered him removed. (*Id.*) Petitioner has since filed an appeal, which remains pending. (*Id.*)

Petitioner filed the instant habeas petition on September 21, 2026, alleging the IJ abused her discretion by finding him a danger to the community and that his detention violates the Due Process Clause of the Fifth Amendment. (Dkt. # 1, ¶¶ 71-81.) Petitioner requests immediate release. (Dkt. # 1 at 22.) Respondents contend that Petitioner's arrest, detention, and bond hearing were consistent with the statute and due process requirements, and that he failed to exhaust his appeal remedies regarding his allegedly deficient bond hearing. (Dkt. # 6.)

## II. DISCUSSION

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by a preponderance of the evidence that they are entitled to relief, *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)—that is, that they are "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c).

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "The Fifth Amendment guarantees due process in deportation proceedings." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1270 (9th Cir. 2001). "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) (recognizing that Fifth Amendment due process

protections extend to deportation proceedings, but noting that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process").

**A. Exhaustion of Administrative Remedies**

There is no dispute that Petitioner has yet to exhaust his administrative remedies as to the IJ's bond decision given that his appeal of that decision remains pending before the BIA. The Court thus considers whether exhaustion should be required here.

In cases brought under § 2241, exhaustion is a prudential, rather than jurisdictional, requirement. *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). A court may require prudential exhaustion where: (1) agency expertise is necessary to build a proper record and reach a proper decision; (2) waiving the requirement would encourage bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes, obviating the need for judicial intervention. *Id.* (citing *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

Even where these factors weigh in favor of prudential exhaustion, the Court may waive the requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Aden v. Nielsen*, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) (citations omitted).

Assuming without deciding that the *Puga* factors weigh in favor of exhaustion, this Court finds that waiver of the exhaustion requirement is appropriate here as administrative remedies

are "inadequate or not efficacious" and "irreparable injury would result." *Laing*, 370 F.3d at 1000. Government data reflects an average processing time of 204 days for BIA bond appeals. *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1307 (W.D. Wash. 2025). Petitioner has been detained since July 2026 and requiring him to wait another six months, conceivably more, for BIA review "would inflict the kind of harm that the bond hearing was designed to prevent—that is, prolonged detention without meaningful process." *Zavala Sandoval v. Hernandez*, 2026 WL 1661379, at *3 (W.D. Wash. June 9, 2026) (citations omitted). Moreover, as recognized by this Court, "[u]nder the factors outlined in *Puga* . . . prudential exhaustion is not necessary where the petitioner . . . raises a constitutional challenge to the adequacy of a bond hearing." *Vasquez v. Scott*, 2026 WL 2285535, at *2 (W.D. Wash. Aug. 7, 2026) (citing *Laing*, 370 F.3d at 1001) (citation modified); *see also Scott v. Hernandez,* 2026 WL 3034232, at *3 (W.D. Wash. Oct. 9, 2026). "In this matter, because petitioner challenges the constitutional adequacy of a bond hearing ordered by the Court, prudential exhaustion does not apply or is excused or waived." *Scott,* 2026 WL 3034232, at *3; *Fletes-Velasquez v. Hernandez*, 2026 WL 1871890, at *2 (W.D. Wash. June 30, 2026). Accordingly, the Court will consider the merits of the petition.

**B. Bond Denial – Abuse of Discretion**

Habeas courts review an IJ's bond determination for an abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 779-80 (9th Cir. 2024). Under an abuse of discretion standard, the court is not permitted to reweigh evidence; it can determine only whether the correct legal standard was applied. *Id.* at 785 (citing *Konou v. Holder*, 750 F.3d 1120 (9th Cir. 2014)). The question of whether a person constitutes a danger is a "mixed question" of law and fact over which this Court has jurisdiction. *Martinez*, 124 F.4th at 783; *see also Vasquez Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1100 (W.D. Wash. 2026) ("The determination of whether a noncitizen is

'dangerous' or a flight risk for immigration-detention purposes involves a mixed question of law and fact that is reviewable in habeas proceedings.").

To determine whether a noncitizen is a danger to the community or a risk of flight, an IJ weighs any or all of nine non-exhaustive factors under *In Re Guerra*, 24 I. & N. Dec. 37 (BIA 2006): (1) whether the noncitizen has a fixed address in the United States; (2) the noncitizen's length of residence in the United States; (3) the noncitizen's family ties in the United States, and whether they may entitle the noncitizen to reside permanently in the United States in the future; (4) the noncitizen's employment history; (5) the noncitizen's record of appearance in court; (6) the noncitizen's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the noncitizen's history of immigration violations; (8) any attempts by the noncitizen to flee prosecution or otherwise escape from authorities; and (9) the noncitizen's manner of entry to the United States. *Martinez*, 124 F.4th at 783 (citing *Guerra*, 24 I. & N. Dec. at 40). The IJ has "broad discretion in deciding the factors that he or she may consider" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable." *Guerra*, 24 I. & N. Dec. at 40.

Petitioner claims that the IJ abused her discretion: (1) by concluding that Petitioner's traffic violations were inherently dangerous and that his arrests for matters that were later dismissed make him a danger to the community; and (2) by simply dismissing the evidence of positive equities and character that Petitioner introduced. (Dkt. # 1, ¶¶ 47-48.) The Court agrees that the many letters in support of Petitioner are positive. In fact, the record is replete with letters attesting to the close relationship Petitioner has with his children, the important role he plays for them as a parent, his willingness to help friends and family in need, and his overall good character. (*Id.*, Ex. A at 5, 14-15, 18-19, 22-23, 26.) The IJ did consider the letters at the hearing

and found them all to be from "interested" parties not subject to cross-examination as they did not appear as witnesses at Petitioner's bond hearing. (Clark Decl., Ex. A.) Although the Court finds the IJ's complete dismissal of the letters in support of Petitioner to be highly problematic, because the Court finds the IJ did not abuse her discretion based on Petitioner's criminal history, it cannot conclude that the IJ abused her discretion in finding Petitioner a public safety risk.

Petitioner minimizes his criminal history presented before the IJ. As explained by the IJ at the hearing,[2] and unrefuted by Petitioner, Petitioner's criminal history includes: 19 arrests, 15 of which were for aggravated unlicensed operation of a motor vehicle and three of those also included charges for operation a vehicle without insurance; additional arrests were for grand larceny, petit larceny, disorderly conduct, criminal mischief, harassment, and other similar charges. (Clark Decl., Ex. A.) The IJ found that driving without a proper license and insurance endangers the community and leaves any victim of an accident with no recourse. (*Id.*) The IJ was further troubled by the more recent arrests for harassment, assault, and criminal possession of a weapon which Petitioner provided no explanation for and relied on the statements of counsel that these arrests were based on misunderstanding and false accusations. (*Id.*) Because it was the Petitioner's burden to show that these arrests did not evidence a public safety concern, and counsel's representations regarding misunderstandings and false accusation was not evidence, the IJ concluded that Petitioner had not met his burden.[3] (*Id.*) Although any one of these arrests

[2] The Court relies on the arguments and findings made by the IJ during the hearing and does not rely on the post-hoc written findings made over a month after the hearing and only after Petitioner appealed his bond determination. *See Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011) ("we agree that due process requires a contemporaneous record of [bond] hearings and that the memorandum decision presently provided is insufficient.").

[3] At the hearing, counsel for Petitioner conceded that it was Petitioner's burden to show he was not a danger to the community and Petitioner does not claim any error with respect to his burden of proof before the IJ. (Clark Decl., Ex. A.)

or convictions standing alone might not suffice to support the IJ's decision, the Court looks to the totality of evidence before the IJ when making her safety determinations. Petitioner has not shown an abuse of discretion by establishing that this evidence could not—as a matter of law—have supported the IJ's conclusion. *Cf. Roberts v. Scott*, 2026 WL 2071146, at *3 (W.D. Wash. July 17, 2026).

## III. CONCLUSION

For the foregoing reasons, the Court DENIES the petition (dkt. # 1).

Dated this 22nd day of October, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge